COMMISSIONER OF INSURANCE OF PUERTO RICO, Plaintiff and Appellant, v. ANGLO PORTO RICAN INSURANCE AGENCIES, INC., and JOSÉ ENRIQUE GONZÁLEZ, Defendants and Appellees.

No. O-68-131.     Decided June 27, 1969.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellant. *Benicio Sánchez Castaño, Benicio Sánchez Rivera, Gustavo Adolfo del Toro,* and *Ana R. Rodríguez Olazagasti* for appellees.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The Anglo Porto Rican Insurance Agencies, Inc., is an insurance agent. Miguel Negrón is also an insurance agent. In December 1965, the Executive Vice-President of the Anglo Porto Rican Insurance Agencies, Inc., sent a letter to the President of the Los Robles Development Corp. with a copy to Miguel Negrón where he explains the duties of an agent according to the Insurance Code. Right after this explanation he states the following:

"In your case, we have gone a little further by providing assistance to Mr. Negrón 'beyond and above the call of duty.'

"For example, the preparation of an Insurance Survey of all your policies and exposures is a duty of your agent, Mr. Negrón. Since Mr. Negrón has no experience in preparing insurance surveys, Mr. Bacó expressed his willingness to assist Mr. Negrón in preparing one. However, the responsibility for the preparation of the survey is still the responsibility of your agent, Mr. Negrón.

"Bob, I sincerely believe that you should discuss this with Mr. Negrón so that he understands his duties and responsibilities to you. If Mr. Negrón recognizes and accepts these duties and responsibilities and furthermore, if you believe that Mr. Negrón

is willing and able to assume these obligations, then we would be very happy to continue dealing with Mr. Negrón as your agent.

"On the other hand, if you prefer that we be directly responsible to you for all insurance matters, then we would be very happy to accept the responsibility and to deal with you *direct*.

"Please let me know your decision. If you would like to discuss this further with me, I would appreciate you let me know." (Italics in the original.)

Negrón referred the copy of González' letter to the Commissioner of Insurance. He complained that the corporation under González' direction was trying to separate him from the insurance business. It was thus understood by the Commissioner who entered an order against defendants commanding them to appear at a hearing to show cause why the penalties provided by the Insurance Code should not be applied to them.

The corresponding hearing having been held, the Commissioner concluded that:

"The fundamental motivation of this letter is clear, José E. González was interested in doing the business directly, without having to share the commissions with agent Miguel A. Negrón.

"Now, we are not interested in that motivation, what we are interested in are the instruments used to carry out that purpose. The violation does not lie on said motive. The same is brought for discussion exclusively and for the only purpose of clarifying the truth, of understanding, of having all the elements of the picture.

"The violation lies on the instrument used, this is what the office objects to. The manner used is rather a way of depriving an original producer from an insurance business. To furnish false and erroneous information for a person's own benefit is not the clean competition which attracts the insured willingly and without external pressure from one producer to another.

"We understand that the holder of a license issued by this office who uses these methods in his business is not competent or trustworthy.

"The function which is expected of an agent is that of procuring, soliciting, and placing business with the insurer through the agency.

"The defendant sought to establish during the hearing that agent Negrón was not sufficiently diligent to prevent the cancellation of the builders risk policy, entrusting him with full responsibility to avoid the cancellation thereof. It is logical that an insurance business of the magnitude of that of Kellner's enterprises called for a technical participation of the Anglo Porto Rican as general agent which, besides, is obtaining profit while sharing in the commissions of the business produced by Negrón. Such intervention to help the agent did not call for Negrón's elimination as producer. When there is an insurance business of the size of these enterprises, the wisest policy to retain it is not totally to entrust the agent with the entire absolute responsibility of said business. The agent, the general agent, and the insurer, are all pieces of a machinery having the same purpose. The lack of diligence or the agent's incompetency is reflected upon the general agency (which directly selects the agents) and therefore upon the insurer represented by the general agency and the agent. If José E. González fulfills his obligation to help the agent, to assist him in the production of a business, he is helping himself and the insurer who transacted said insurance.

"The fact that the agent acquits himself well before an insured, member of the public consumer of insurance, means that the general agency and the insurer, and going even farther, the insurance industry in general acquit themselves well."

Originally the Commissioner imposed a one year suspension, but then he reduced it to two months. They appealed to the Superior Court. The Commissioner's decision was reversed. We agreed to review.

Despite the fact that the trial judge interprets correctly the letter of the Anglo Porto Rican Insurance Agencies upon stating in its decision that: "In said letter González invites Kellner to decide whether he prefers that Miguel Negrón keeps handling his insurance matters or whether he prefers the Anglo Porto Rican Agencies to handle directly said business" and he reversed the decision because he understood

that the Commissioner had acted without jurisdiction and that since the letter was notified to Negrón, and Kellner did not consent to González' request, nobody was affected.

■ "The insurance business has always been deemed as vested with a public interest. . . ." *Maryland Casualty Co.* v. *San Juan Racing Ass'n*, 83 P.R.R. 538, 542 (1961). Of course this imposes a serious responsibility on the Commissioner of Insurance of seeing that the standards and principles contained in the Insurance Code are strictly fulfilled.

It is proper to examine the pertinent provisions in order to determine whether the Commissioner acted in conformance with law. In the first place we will consider whether the defendants' action was forbidden by the Code. Then we shall determine whether the procedures employed and the penalty imposed conform to law.

Section 27.040 (5) of the Insurance Code, 26 L.P.R.A. § 2704 provides:

"No person shall make or disseminate orally or in any other manner any advertisement, information, matter, statement, or thing:

(1) .   .   .   .   .   .   .   .

(2) .   .   .   .   .   .   .   .

(3) .   .   .   .   .   .   .   .

(4) .   .   .   .   .   .   .   .

(5) Containing any assertion, representation, or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive, or misleading."

The foregoing provision was the one which the Commissioner concluded that the defendants had violated. But the trial court understood that the aforesaid section "does not apply in this case and that said section is directed to control those advertisements or other forms and methods in publications that tend to ill-inform or deceive the public. Definitively

the letter written by appellant José Enrique González of December 7, 1965, does not fall under the scope of this section."

■ Certainly the scope of § 27.040 is larger than that given by the trial court. It expressly deals with ". . . advertisement, information, matter, statement or thing. . . ." To hold that the prohibition of the above-mentioned section includes only advertisements or publications would be contrary to the express purpose of Chapter 27 of the Insurance Code which is to ". . . regulate trade practices in the business of insurance by defining, or providing for the determination of, all such practices in Puerto Rico which constitute unfair methods of competition, or deceptive acts or practices, and by prohibiting the trade practices so defined or determined." 26 L.P.R.A. § 2701. The foregoing provisions are directed toward the elimination of all practices which constitute an unfair competition. Not merely advertisements or publications of general circulation.

Neither is it essential to seek to ill-inform or deceive the general public as it appears from the interpretation of the trial court. The purpose is to regulate and prohibit "all such practices . . . which constitute unfair methods of competition." It is unquestionable that unfair competition may be found in connection with only one person or individual client.

It is evident that the letter which gave rise to the complaint contains the ingredients of an unfair competition. We have seen that the trial judge himself understood it thus. As the Commissioner expressed in his order: "The fundamental motivation of this letter is clear, José E. González was interested in doing the business directly, without having to share the commissions with agent Miguel A. Negrón." And for that purpose he does not hesitate to present Negrón as an inexperienced person requiring the assistance of the organization under his direction.

Section 27.170 of the Insurance Code, 26 L.P.R.A. § 2717, provides that: "If, after a hearing thereon of which notice of such hearing and of the charges against him were given such person, the Commissioner finds that any person in Puerto Rico has engaged or is engaging in any act or practice defined in or prohibited under the preceding sections of this chapter, the Commissioner shall order such person to desist from such acts or practices."

We have already seen that González' action is prohibited by § 27.040, and § 27.020 provides that: "No person shall engage in Puerto Rico in any act or practice which is prohibited in this chapter, or which is defined therein as, or determined pursuant thereto to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."

■ Thus, the Commissioner is authorized to prohibit the practice complained of by Negrón. It remains for us to consider whether the penalty imposed is authorized by the Code. Section 9.460 provides that "the Commissioner may . . . suspend . . . any license issued under this chapter, any surplus line broker license, or any general agent license, for any cause specified in any provision of this title or for any of the following causes: (a) . . . (b) For wilful violation of, or noncompliance with, or knowingly participating in violation of, any provision of this title, or of any lawful rule, regulation, or order of the Commissioner." Defendant González is guilty of unfair competition which we have seen infringes § 27.040 and § 9.460. Thus the Code authorizes the suspension of the license.

Now then, it seems to us that it is not justified to make the general agent liable for a separate act of an executive. And as to González we think that a suspension for a period of thirty days is sufficient.

Judgment will be rendered in conformance with the foregoing.